IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE UNITED STATES FOR THE USE AND BENEFIT OF DIVERSIFIED BUILDING SYSTEMS LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PENN CONSTRUCTION GROUP, INCORPORATED, a Texas for-profit corporation; KORTE CONSTRUCTION COMPANY, a Missouri for-profit corporation; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut insurance corporation,<br><br>Defendants. | Case No. CIV-22-801-D |

## ORDER

Before the Court is Plaintiff's Objections and Motion to Strike Exhibits to Defendants' Objections to Motion for Partial Summary Judgment [Doc. No. 58]. Defendant Penn Construction Group, Inc. filed a response [Doc. No. 73]. The matter is fully briefed and at issue.

## BACKGROUND

This litigation stems from a construction project to build a fuel maintenance hangar and depot maintenance hangar at Tinker Air Force Base. Korte Construction Company was awarded the prime contract, and Korte hired Penn as a first-tier subcontractor. Penn then entered into a verbal agreement with Plaintiff to provide skilled labor services for the

1

project. For its claims against Penn, Plaintiff alleges that Penn expanded Plaintiff's scope of work before ultimately refusing to pay Plaintiff's invoices for its labor services.

Plaintiff filed a Motion for Partial Summary Judgment [Doc. No. 51], arguing it is entitled to judgment on its unjust enrichment and quantum meruit claims against Penn. In response, Penn relied in part on the declaration of Michael Luessi, Penn's Build Director [Doc. No. 57-1]. Thereafter, Plaintiff filed the present motion to strike Exhibits D, E, F, I, and H to Mr. Luessi's declaration due to Penn's failure to produce the exhibits during discovery.[1]

## STANDARD OF DECISION

The language and corresponding advisory committee notes of FED. R. CIV. P. 56(c)(2) explain that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Congress amended Rule 56 in 2010 to include this language. Before the amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike. *See* Rule 56, advisory committee's note (2010) ("There is no need to make a separate motion to strike."). "The plain meaning of these provisions show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily." *Campbell*

---

[1] Initially, Plaintiff also sought to strike exhibits to the response filed by Defendants Korte Construction Company and Travelers Casualty and Surety Company [Doc. No. 56]. Due to a settlement reached between Plaintiff and Defendants Korte and Travelers, the only remaining issue is Plaintiff's request that the Court strike exhibits used to support Penn's response [Doc. No. 57].

*v. Shinseki*, 546 F. App'x 874, 879 (10th Cir. 2013) (unpublished); *see also Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) ("[I]t is no longer necessary for a party to file such a motion; instead, a party may simply object to the material.").

## DISCUSSION

Based on the foregoing, the Court will consider Plaintiff's Motion to Strike Exhibits to Defendants' Objections to Motion for Partial Summary Judgment as stating an objection to the admissibility of Exhibits D, E, F, I, and H to Mr. Luessi's declaration. Accordingly, the Court will address the objection in the Court's forthcoming Order on Plaintiff's Motion for Partial Summary Judgment [Doc. No. 51].

**IT IS THEREFORE ORDERED** that Plaintiff's Objections and Motion to Strike Exhibits to Defendants' Objections to Motion for Partial Summary Judgment [Doc. No. 58] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge